Jerry David PROWELL,
Plaintiff–Appellant,

v.

KENTUCKY STATE POLICE; Gary Rose, Individually and in his official capacity as Commissioner of K.S.P.; Todd Jones, Individually and in his official capacity as Supervisor at K.S.P.; Brent White, Individually and in his official capacity as a trooper at K.S.P.; Stacey Blackburn, Individually and in his capacity as a captain at K.S.P., Defendants–Appellees.

No. 01–6264.

United States Court of Appeals,
Sixth Circuit.

June 25, 2002.

Before CLAY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

### ORDER

Jerry David Prowell, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In October 1999, Prowell filed a complaint against the Kentucky State Police ("KSP"), KSP Commissioner Gary Rose, KSP Captain Stacey Blackburn, KSP Supervisor Todd Jones, and KSP Trooper Brent White. Prowell alleged that on October 11, 1998, he was arrested by White following a traffic stop. Relying upon the Fourth, Sixth, and Fourteenth Amendments, Prowell alleged that White used excessive force when effectuating the arrest, causing him serious injury for which he sought monetary relief. As a result of the traffic stop, Prowell was charged with third-degree assault, first-degree fleeing a police officer, a second offense of driving under the influence of a controlled substance, reckless driving, and a second offense of being a persistent felony offender.

On January 22, 2001, Prowell, with advice of counsel, executed a written plea agreement in state court with respect to the criminal charges that had been filed against him. Pursuant to the plea agreement, Prowell pled guilty to the charges of third-degree assault and his second offense of driving under the influence, and agreed to dismiss the instant federal civil rights action in exchange for dismissal of the remaining criminal charges. The state trial court accepted Prowell's guilty plea and sentenced him to serve a total of eighteen months in prison.

Following execution of the plea agreement, the defendants filed a motion to dismiss the instant action, to which Prowell responded in opposition. Construing the defendants' motion as one for summary judgment, the district court granted the defendants' motion and dismissed the case. Prowell has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

A release-dismissal agreement is an agreement between a criminal defendant and a prosecutor pursuant to which the defendant releases his right to pursue a § 1983 civil rights action in exchange for the prosecutor's dismissal of any or all criminal charges pending against the defendant. *Town of Newton v. Rumery*, 480 U.S. 386, 389, 107 S.Ct. 1187, 94 L.Ed.2d 405 (1987). A release-dismissal agreement is valid and enforceable as long as the agreement has been entered voluntarily, there is an absence of prosecutorial misconduct, and there is no adverse effect on relevant public interests. *Id.* at 398, 107 S.Ct. 1187; *Burke v. Johnson*, 167 F.3d 276, 281 (6th Cir.1999); *Coughlen v. Coots*, 5 F.3d 970, 974 (6th Cir.1993). The burden of proving the validity of a release-dismissal agreement is borne by the party attempting to enforce the agreement. *Burke*, 167 F.3d at 281; *Coughlen*, 5 F.3d at 974.

In the present case, Prowell contends that he need not comply with the release-dismissal agreement because he did not receive credit for 90 days of jail time, credit that he maintains the prosecutors promised that he would receive. But the agreement makes no mention of any such credit. Furthermore, the agreement is otherwise valid and enforceable, as all three *Rumery* factors are present. Specifically, the record indicates that Prowell voluntarily entered into the agreement,

there is no evidence of prosecutorial misconduct surrounding the execution of the agreement, and public-policy interests do not render the agreement unenforceable. *See Rumery,* 480 U.S. at 398, 107 S.Ct. 1187. We therefore conclude that the district court properly granted summary judgment in favor of the defendants.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.